IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN M. BOTTILA,

                                                                                                    ORDER

                        Petitioner,

                                                                                                      08-cv-694-slc[1]

     v.

POLICE DEPARTMENT OF THE
TOWN OF MADISON;
SCOTT GREGORY, Chief of Police;
BURTON BOLDEBUCK;
DARIC KRAUSE,

                        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary and injunctive relief brought pursuant to 42 U.S.C. § 1983. Petitioner Stephen Bottila alleges that respondents Scott Gregory, Burton Boldebuck, Daric Krause and the police department of the town of Madison violated his rights under the Fourth and Fourteenth Amendment. Petitioner requests leave to proceed under the in forma pauperis statue, 28 U.S.C. §1915.

---

[1] Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

1

To determine whether a petitioner qualifies for indigent status, the court uses the following calculation: From petitioner's annual gross income, the court subtracts $3400 for each dependent, excluding the petitioner. If the balance is less than $15,000, the petitioner may proceed without any prepayment of fees and costs; if the balance is greater than $15,000 but less than $28,000, the petitioner must prepay half the fees and costs; and if the balance is greater than $28,000, the petitioner must prepay all fees and costs. Substantial assets or debts require individual consideration.

From petitioner's affidavit of indigency, I find that he has an annual gross income of $11,520 and that he has no dependents. At the time he filed his affidavit, petitioner also had $3,000 in common stocks from which he was receiving $45.00 in dividends every year. Therefore, petitioner qualifies financially to proceed without prepaying the fees and costs of filing his action.

The next step is determining whether petitioner's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

From the allegations of petitioner's complaint, I draw the following facts.

ALLEGATIONS OF FACT

Petitioner Stephen Bottila is an adult resident of Madison, Wisconsin. He requires the use of a service dog.

Respondents Scott Gregory, Burton Boldebuck and Daric Krause are employed by respondent Police Department of the Town of Madison, Wisconsin. Respondent Gregory is the chief of police and respondents Boldebuck and Krause are police officers. Respondent Police Department of the Town of Madison, Wisconsin is a municipal department.

On March 13, 2008, petitioner discovered an "unwelcome intruder" tampering with his property. Petitioner called 911 but the dispatcher refused to send police officers to his home. Because the police were not coming, petitioner chose to prevent the unwelcome intruder from leaving by standing behind his pick-up truck. This caused the intruder to "c[o]me back to use force on petitioner" and petitioner responded by grabbing the intruder's sweatshirt. The intruder then threatened to call the police, which petitioner encouraged him to do. After the intruder called the police, they came to petitioner's residence and arrested petitioner.

Petitioner was handcuffed and put in the back of the squad car. The police officers questioned the intruder about the incident. Petitioner was not questioned regarding the incident nor did the officers read him his rights. When respondent Boldebuck finished questioning the intruder, he told petitioner that Boldebuck was taking petitioner to jail

3

because there was a warrant for his arrest for disorderly conduct from the City of Fitchburg. Petitioner informed the officer that no warrant existed and that if a warrant did exist petitioner needed his service animal. Respondent Boldebuck called his supervisor, Lt. Stlopa, to ask about petitioner's request for his service animal. Respondent Gregory, the Chief of Police, told Lt. Stolpa that petitioner could not bring his service animal with him. Lt. Stolpa informed respondent Krause, who then relayed the message to respondent Boldebuck.

## DISCUSSION

Under 42 U.S.C. § 1983, an officer acting under color of state law may be civilly liable for depriving a petitioner of a right secured by the Constitution or laws of the United States. Lugar v. Edmondson Oil Co., 457 U.S. 922, 931 (1982); Donald v. Polk County, 836 F.2d 376, 379 (7th Cir. 1989). The first step in analyzing a § 1983 claim is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 114 S. Ct. 807, 811 (1994). Petitioner appears to be alleging a violation of his Fourth Amendment right for false arrest, a violation of his Fifth Amendment right to be informed of his right against self-incrimination under Miranda v. Arizona, 384 U.S. 436 (1966), and a violation of his Fourteenth Amendment right to equal protection under Title II of the Americans with Disabilities Act, 42 § U.S.C. 12131 - 12134.

4

With respect to his Fourth Amendment claim for false arrest, petitioner appears to be challenging the legality of his arrest by respondents Boldebuck and the Police Department of the Town of Madison purportedly pursuant to a warrant from the City of Fitchburg. (Petitioner alleges that the warrant was either non-existent or falsely issued.) Petitioner may prevail on a false arrest claim under § 1983 if he alleges facts from which an inference may be drawn that probable cause for his arrest was lacking. Williams v. Rodriguez, 509 F.3d 392, 398-99 (7th Cir. 2007); see also Kelley v. Myler, 149 F. 3d 641, 646 (7th Cir. 1998) ("An essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause."). In this instance, however, this court cannot here petitioner's challenge to the City of Fitchburg warrant because his false arrest claim is linked to a pending criminal prosecution.

In his complaint, petitioner alleges that he was involved in an "incident with an unwelcome intruder on his property" in which he blocked the intruder's pick-up truck and had a physical altercation with the intruder. In response to this incident, the intruder called 911. Upon arriving at the scene, police restrained petitioner by placing him in the back of a squad car and, eventually took him to jail. Although petitioner alleges that he was never told that he was under arrest, the facts petitioner alleges would be probable cause for a police officer to arrest him without the need for a warrant.

Additionally, in his request for relief, petitioner asks this court to "grant me immunity

from criminal charges which [the Town of Madison] Police Department later put[] towards me; as they have an established record of doing, falsely." A review of the Wisconsin Circuit Court Access internet site reveals that petitioner was charged with disorderly conduct on March 14, 2008 and that the criminal prosecution for this crime is pending before the Circuit Court for Dane County. Therefore, it appears from the facts alleged and petitioner's complaint that petitioner is attempting to use this lawsuit to challenge his pending state prosecution for disorderly conduct.

Federal courts may not take action to interfere with ongoing state criminal prosecutions, except in limited circumstances. Younger v. Harris, 401 U.S. 37 (1971); see also Nelson v. Murphy, 44 F.3d 497, 501 (7th Cir. 1995). In Younger, 401 U.S. at 53-54, the Court made it clear that if a state adjudication is pending, the only grounds on which a federal court can interfere are (1) where irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. In this case, none of these exceptions apply. Therefore, abstention is required. However, petitioner may raise his constitutional claims as well as any other defenses to his arrest in state court. Because this court must abstain from hearing petitioner's false arrest claim, petitioner's request for leave to proceed in forma pauperis on his Fourth Amendment claim against respondents Boldebuck and the Police Department of

6

the Town of Madison must be denied and his claim against these respondents dismissed.

Second, petitioner alleges that respondent Boldebuck failed to inform of his rights when arresting him in violation of his Fifth Amendment rights under Miranda v. Arizona, 384 U.S. 436.  Under Miranda, a "person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney."  Id. at 444.  Although a Miranda violation provides a basis for § 1983 liability when a suspect's statements are used against him in a "criminal case," Sornberger v. City of Knoxville, 434 F.3d 1006, 1024 (7th Cir. 2006) (citing Chavez v. Martinez, 538 U.S. 760, 778 (2003)), petitioner cannot proceed on his Miranda claim in this court because it is related to and closely intertwined with petitioner's state proceeding.  As with his Fourth Amendment claim, petitioner may raise this issue in his state court proceeding.  Therefore, petitioner's request for leave to proceed in forma pauperis on his Fifth Amendment claim against respondent Boldebuck must be denied and this claim dismissed.

Last, petitioner asserts that respondents Gregory, Boldebuck and Krause and Police Department of the Town of Madison violated his rights under Title II of the ADA by denying him the use of his service animal when he was transported to jail.  Title II prohibits discrimination by public entities against a qualified individual with a disability.  42 U.S.C. §§ 12131-34.  Specifically, individuals cannot be "be excluded from participation in or be

7

denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 121312. A "public entity" includes any department, agency or instrumentality of a state or local government. 42 U.S.C. § 12131(1)(B).

As an initial matter, petitioner has named officers Boldebuck and Krause and chief of police Gregory as a respondents in this cause of action. Although there is no personal liability under Title II, Walker v. Snyder, 213 F. 3d 344, 346 (7th Cir. 2000), Ex Parte Young, 209 U.S. 123, 155-56 (1908), might authorize suits against individuals in their official capacity for prospective injunctive relief for violations under Title II. Bruggeman ex rel. Bruggeman v. Blagojevich, 324 F.3d 906, 912-13 (7th Cir. 2003). Determining whether Title II authorizes a suit against respondents Gregory, Boldebuck and Krause in this instance would be necessary only if petitioner were barred from bringing his claim against a state or local entity because of sovereign immunity. I need not decide this issue because petitioner is not barred from enforcing his rights under Title II against the police department. Thus, petitioner's Title II claims against respondents Gregory, Boldebuck and Krause will be dismissed.

The remaining question is whether petitioner's allegations raise a Title II claim. Title II creates a cause of action when a qualified individual with a disability is denied services provided by public entities. These services must be provided on an equal basis to people with or without a disability. See 28 C.F.R. § 35.130(b)(1) ("a public entity . . . may not on

the basis of disability . . . deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service"). In addition, public entities must make "reasonable modifications to rules, policies, or practices" to insure that people with disabilities have equal access to these services. 42 U.S.C. § 12131 (2).

Petitioner appears to believe that denying him the company of his service animal while he was in the back of the squad car was a denial of services under the ADA. However, Title II does not require a public entity to provide individuals with unique benefits or services. Aswegan v. Bruhl, 113 F.3d 109, 110 (8th Cir. 1997) (claim under Title II denied because plaintiff sought unique benefit or service); Bircoll v. Miami-Dade County, 480 F.3d 1072, 1082 (11th Cir. 2007) ("The ADA's 'reasonable modification' principle . . . does not require a public entity to employ any and all means to make auxiliary aids and services accessible to persons with disabilities, but only to make 'reasonable modifications' that would not fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." (citing Tennessee v. Lane, 541 U.S. 509, 531-32 (2004)).

When a police officer arrests an individual, the officer has a duty to transport the individual to the jailhouse and to transport the individual in a safe manner. Therefore, the benefit petitioner sought in this case was to be transported jail in a safe and appropriate manner. Gorman v. Bartch, 152 F.3d 907, 913 (8th Cir. 1998). According to the facts he himself has alleged, petitioner was placed in a squad car, transported to jail and not harmed

9

in the process. Although petitioner believes that the police discriminated against him because of his disability, petitioner received the same treatment and transportation as any other arrested individual. Therefore, petitioner has failed to state a claim against the police department of the town of Madison and his Title II claim against it will be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner Stephen Bottila's request for leave to proceed in forma pauperis on his claim that respondent Burton Boldebuck and Police Department of the Town of Madison violated his rights under the Fourth Amendment is DENIED and this claim is DISMISSED because this court lacks subject matter jurisdiction over this claim.

2. Petitioner's request for leave to proceed in forma pauperis on his claim that respondent Burton Boldebuck violated his rights under the Fifth Amendment is DENIED and this claim is DISMISSED because this court lacks subject matter jurisdiction over this claim.

3. Petitioner's request for leave to proceed in forma pauperis on his claim that respondents Burton Boldebuck, Scott Gregory, Daric Krause and Police Department of the Town of Madison violated his rights under Title II of the Americans with Disabilities Act is DENIED and this claim is DISMISSED for failure to state a claim upon which relief may

be granted.

    4. The clerk of court is directed to close the case.

Entered this 8th day of January, 2009.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge